FILED
SUPERIOR COURT
OF GUAM

2020 MAY 27 PM 3: 17

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MELANIE TERESA R. MANIBUSAN,<br><br>Plaintiff,<br><br>vs.<br><br>MELVYN MANIBUSAN,<br><br>Defendant. | Domestic Case No.: DM0144-14<br><br>**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR FULL LEGAL AND PHYSICAL CUSTODY** |

## Introduction

This matter came before the Honorable Maria T. Cenzon on March 11, 2020, for a hearing on Melanie Manibusan's ("Plaintiff") Motion for Full Legal and Physical Custody ("Motion") filed on January 28, 2020. Plaintiff served Melvyn Manibusan ("Defendant") with the Motion via U.S.P.S. certified restricted mail and regular mail.[1] Pursuant to CVR 7.1(d)(1)(A)-(C), Defendant's opposition was due on February 25, 2020. Defendant did not file an opposition [and failure to do so constitutes a non-opposition]; however, a non-opposition does not "relieve the lower court of its duty to consider the merits of the motion before it."[2]

---

[1] On January 29, 2020, Plaintiff filed a Declaration of Mailing wherein she stated that she mailed the Motion, C.V.R. 7.1 Form 1, and Declaration of Melanie Teresa R. Manibusan n.k.a. Melanie R. Manglona in Support of Motion For Full Legal and Physical Custody to Defendant via U.S.P.S. certified restricted mail and regular mail. The destination address was the last known address of Defendant: 20815 18th Ave. E. Spanaway, Washington 98387. On May 14, 2020, Plaintiff filed an Amended Declaration of Mailing and attached a copy of the signed return receipt dated February 6, 2020.

[2] *Quitugua v. Flores*, 2004 Guam 19 ¶ 27 (quoting Superior Court Local Rule 5B(2)("Absent good cause shown, failure to file one of the papers required by B. supra has the same effect as filing a notice of non-opposition.") Guam Ct. R. 5(B)(2004).

Despite receiving service by mail, Melvyn Manibusan ("Defendant") was not present at the hearing.[3] Georgette Bello Conception, Esq., represents Plaintiff, who was also present at the hearing. Following the noticed hearing, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the Local Rules of the Superior Court of Guam; and, having considered the arguments, evidence and file herein, the Court hereby **GRANTS** Plaintiff's Motion.

### Background

The parties were married on January 5, 2010. Complaint for Divorce at 2 (March 14, 2014). The parties have two minor children, to wit: Mason Xander Manibusan (D.O.B. June 9, 2009) and Madden Jace Manibusan (D.O.B. May 11, 2010) (collectively "the Children"). *Id* at 2. On March 14, 2014, Plaintiff filed a Complaint for Divorce ("Complaint") which included a Marital Settlement Agreement and Consent to Divorce that was signed by the parties.[4] On March 27, 2014, the Court issued both an Interlocutory Judgement of Divorce and Final Decree of Divorce ("Divorce Decree") ordering that the Marital Settlement Agreement be incorporated into the Divorce Decree. Final Decree of Divorce (March 27, 2014).

### I. Parties Shared Joint Legal Custody With Sole Physical Custody to Plaintiff.

The agreed upon Marital Settlement Agreement gave Plaintiff and Defendant joint legal custody of the Children with the Plaintiff enjoying sole physical custody, with reasonable visitation to Defendant. Marital Settlement Agreement at ¶13. Defendant's visitation included two (2) weekends out of the month, from Saturday at 8:00 a.m. until Sunday 5:00 p.m. *Id*. The

---

[3] "Service under Rule 5(a) is made by…mailing a copy to the last known address of the person served. Service by mail is complete on mailing." Guam R. Civ. P. 5(b)(2)(B).

[4] Plaintiff signed the Marital Settlement Agreement and Consent to Divorce on March 4, 2014. Defendant signed the Marital Settlement Agreement and Consent to Divorce on March 11, 2014. Both documents were filed with the Complaint on March 14, 2014.

parties were to share holidays (New Year, Easter, Thanksgiving, and Christmas). *Id.* When either party is off island for temporary military duty, the Children were to remain in the physical care of the parent who remained in Guam. *Id.*

## II. Hearing On Plaintiff's Motion

Plaintiff's Motion for Full Legal and Physical Custody was heard on March 11, 2020. As a threshold question, the Court inquired whether Defendant was served with Notice of the Motion and Plaintiff represented that the Notice and Motion were mailed to the Defendant as set forth, above. The Court instructed Plaintiff to provide proof of service by filing a Declaration of Service setting forth the manner of service and compliance with the Guam Rules of Civil Procedure. The Court took the primary issue of custody modification under advisement at the conclusion of the hearing. Plaintiff filed the Declaration of Service on May 14, 2020, with a copy of the U.S.P.S. Certified Return Receipt dated February 6, 2020, indicating that Defendant did, in fact, receive it.

With respect to the Motion regarding the renewal of the Children's passports, the Plaintiff represented to the Court that multiple attempts to obtain the Defendant's signature for the purpose of renewing the passports had been fruitless. The Court found that given Defendant's lack of contact with the Plaintiff or the Children since 2017, the best interests of the Children are served by permitting the custodial parent to renew the Children's passports without the countersignature of the non-custodial parent. Order Re: Renewal of Minors Passport Documents (April 15, 2020).

### Discussion

The Court has jurisdiction to modify the custody arrangement originally set forth in the Divorce Decree pursuant to 19 G.C.A. § 8404(f) ("[a]ny custody award shall be subject to

modification or change whenever the best interests of the child require or justify such modification or change . . .") (*See also Lanser v. Lanser*, 2003 Guam 14 ¶ 9). In the instant case, "the burden of showing a sufficient change in circumstances is on the party seeking the change of custody." *In re Marriage of Carney*, 24 Cal.3d 725, 731 (1979) (*citing Prouty v. Prouty*, 16 Cal.2d 190, 193 (1940); *In re Marriage of Kern*, 87 Cal.App.3d 402, 410-411 (1978); *In re Marriage of Mehlmauer*, 60 Cal.App.3d 104, 108-109 (1976). For the Court to justify a modification of the Divorce Decree, Plaintiff must present a "persuasive showing of changed circumstances affecting the child," (*Lanser* at 2 (*quoting Carney* at 38)), because "it is desirable that there be an end of litigation and undesirable to change the child's established mode of living." *Id.*

## I.     Physical Custody was already granted in Final Decree of Divorce

When the Court analyzes a dispute regarding the custody of a minor child, "the court may, during the minority of the child, make such order for the custody of such minor child as may seem necessary or proper." 19 G.C.A. § 8404. There are no fixed standards to determine what constitutes a substantial change in circumstances for modifying custody; instead, a court should be guided by a rule of very general application that the welfare and best interests of the children are the primary concern in determining whether the order should be changed. *Sundstrom v. Sundstrom*, 865 A.2d 358 (Vt. 2004).

Here, Plaintiff moves the Court to grant her full physical custody of the Children. However, the Plaintiff already enjoys sole physical custody of the Children pursuant to both the MSA and the Final Decree of Divorce. Therefore, the Court need not revisit this issue.

## II.     Legal Custody

Under Guam law, there is a preference for both joint legal and joint physical custody arrangements, but the preference for joint custody is always secondary to the best interests of

the children. *See Howerton v. Howerton*, 2004 Guam 8 ¶14. "Legal custody" refers generally to the right and responsibility to make decisions with important and long-term implications for a child's best interest and welfare. *Hall v. Hall*, 655 S.E.2d 901 (N.C. App. 2008). Joint legal custody is only appropriate where the parents "demonstrate the willingness and ability to share the rights and responsibilities of raising their children." *Leone v. Leone,* 917 S.W.2d 608, 614 (Mo. App. W.D.1996). "Where the parties are unable to communicate or cooperate and cannot make shared decisions regarding the welfare of their children, joint custody is improper." *Leone v. Leone,* 917 S.W.2d 608, 614 (Mo. App. W.D.1996).

Plaintiff requests the Court to grant her full legal custody of the Children. In support of her request, Plaintiff argues Defendant is deliberately absent from any matters that involve the Children. Plaintiff states Defendant has failed to maintain any type of meaningful relationship with the Children since he moved off island in 2017. Plaintiff states in the Motion that Defendant has not provided any support for the Children and fails to make any continuous or considerable attempt to remain in contact with the Children since 2017. Motion For Full Legal and Physical Custody at 3 (Jan. 28, 2020).

A custodial parent's decision to leave the state with the children constitutes a substantial change in circumstances, as necessary to modify a child custody or visitation arrangement. *Hamilton v. Hamilton,* 42 P.3d 1107 (Alaska 2002). The Court finds that despite being properly served with Plaintiff's Motion, Defendant's failure to appear in this matter in any manner indicates his disinterest in the decisions and issues involving the Children. The Court finds modification of the legal custody agreement would not significantly alter the existing relationship between Defendant and the Children. Furthermore, the Court finds that modifying the existing legal custody agreement in favor of the Plaintiff would be in the best interest of the Children since it would remove any undue delay by the Defendant for any necessary services

or care the Children may require in the future. Therefore, the Court finds modification of the legal custody agreement in favor of the Plaintiff is warranted under these circumstances.

### Conclusion

The Court finds a change in circumstances has occurred since the parties Marital Settlement Agreement and the changes are sufficient to modify legal custody of the Children. Plaintiff shall continue to have full physical custody and is hereby granted full legal custody of the Children. Therefore, for the reasons set forth herein, Plaintiff's Motion for Full Legal and Physical Custody is **GRANTED.**

**SO ORDERED** this _____MAY 2 7 2020_____.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**